**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VINCENT SCOTT, JR.,

                  Petitioner/Defendant,       Case Number: 03-80815

v.                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

                                       VIRGINIA M. MORGAN
                Respondent/Plaintiff.    UNITED STATES MAGISTRATE JUDGE

_____ /

**REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO**
**VACATE, SET ASIDE, OR AMEND HIS SENTENCE (Doc. No. 67)**

      This matter comes before the court on Petitioner's motion to vacate, set aside, or amend his

prison sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 67). In his motion, Petitioner argues that

the district court erred by sentencing him to a five-year prison term for a violation of 18 U.S.C. §

924(c) to be served consecutive to a ten-year prison term for a violation of 18 U.S.C. § 841. The

court dispenses with oral argument in accordance with Eastern District of Michigan Local Rule 7.1

f(2), and for the reasons stated below, recommends that Petitioner's motion be **DENIED**.

**I. Background**

      On September 8, 2004, Petitioner pleaded guilty to three counts: 1) Felon in Possession of

a Firearm, 18 U.S.C. § 922(g); 2) Possession with Intent to Distribute Cocaine Base, 21 U.S.C. §

841(a); and 3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. §

924(c). Petitioner's sentencing guideline range was "life," but the government filed a cooperation

motion pursuant to 18 U.S.C. § 3553(e) on his behalf and the district court reduced his sentence to

1

150 months.  The district court sentenced Petitioner to 90 months imprisonment for Count 1, 90 months imprisonment for Count 2, and 60 months imprisonment for Count 3.  The sentences for Counts 1 and 2 run concurrently and the sentence for Count 3 runs consecutive to the sentences for Counts 1 and 2, for a total sentence of 150 months imprisonment.

In the original Judgment and Commitment order, the district court erroneously stated that the Guideline Imprisonment Range was 151-188 months imprisonment, not a life term.  The district court issued a corrected Judgment and Commitment order.

On March 11, 2010, Petitioner moved for retroactive application of the new sentencing guidelines to his crack cocaine offense.  (Doc. No. 65).  In an order issued July 9, 2010, the district court denied the motion.  (Doc. No. 71).  Judge Borman held that Petitioner did not qualify for a sentence reduction because his guidelines range, i.e. life imprisonment, had not been lowered by the amendments to the sentencing guidelines.

On June 24, 2010, Petitioner filed the instant motion to vacate, amend, or reduce his sentence under § 2255.  (Doc. No. 67).  The government filed a response on August 9, 2010.  (Doc. No. 73). The Honorable Paul D. Borman referred the motion to this court on November 29, 2010.  (Doc. No. 78).

**II. Analysis**

The first issue the court must address is whether Petitioner's motion is timely.  Petitioner relies on 28 U.S.C. § 2255(f)(4), which states that the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," to contend that his motion is timely.  (Doc. No. 67, Pet.'s Mot. 2). Petitioner argues that the March 10, 2010 decision from the United States Court of Appeals for the

2

Sixth Circuit in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), *cert. granted, judgment vacated* 131 S.Ct. 637 (Nov. 29, 2010), is a newly discovered fact under § 2255(f)(4). *Id.* Petitioner asserts that prior to the *Almany* decision, an argument that the district court erred by sentencing him to concurrent terms for the firearm conviction and the drug conviction would have been meritless. *Id.* at 3. Petition cites *Johnson v. United States*, 544 U.S. 295 (2005), in which the United States Supreme Court held that the vacatur of a prisoner's state convictions was a matter of fact that could restart the one-year limitations period for attacking the prisoner's federal sentence, in support of his argument that the new opinion from the Sixth Circuit is a new fact. *Id.* at 3.

The government argues that Petitioner's motion is untimely because it was filed well beyond the one-year period of limitation set out in 28 U.S.C. § 2255(f)(4). (Doc. No. 74, Gov. Resp. 4). The government further argues that the one-year limitation period begins to run when the time period in which Petitioner could have filed a petition for certiorari with the United States Supreme Court has passed, which in this case was on December 27, 2006. *Id.* The government also argues that Petitioner's characterization of the new interpretation of 18 U.S.C. § 924(c) in *Almany*, 598 F.3d at 238 as a newly discovered fact is incorrect because a new legal interpretation of a statute is a matter of law, not a new fact that is subject to proof or disproof. *Id.* at 2.

The court agrees with the government that a new interpretation of a statute is a matter of law, not a matter of fact, and, therefore, cannot constitute a newly discovered fact under § 2255(f)(a). *See Demonbreum v. United States*, 2010 WL 3024886, *2 (M.D.Tenn. July 29, 2010) ("The movant's reliance on *Almany* is misplaced, however, as the *Almany* decision does not constitute 'facts supporting the claim.'"); *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006) (rejecting the movant's argument that an Eighth Circuit decision constituted "a new fact" under §

2255(f)(4)); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding that a state court decision arguably helpful to the petitioner's claim did not constitute a factual predicate for that claim). Unlike in *Johnson*, 544 U.S. at 305, in which the order vacating the defendant's state conviction was a new fact triggering a new one-year limitation period, there has been no new factual development in this case. Rather, there was a legal development in the form of the Sixth Circuit's opinion in *Almany*, 598 F.3d at 238. Accordingly, Petitioner has failed to provide any newly discovery evidence and, therefore, his motion is untimely under § 2255(f).

Even if this court were to find that Petitioner's claim was timely, the *Almany* Court's interpretation of 18 U.S.C. § 924(c) has been overruled by the United States Supreme Court in *Abbott v. United States*, ___ U.S. ___, 131 S.Ct. 18 (2010), and the district court did not err in sentencing Petitioner.

In *Abbott*, the Supreme Court interpreted the "except clause" of § 924(c)(1)(A). *Id.* at 23. The statute provides that a person convicted of using, carrying or possessing a deadly weapon in connection with a violent crime or a drug trafficking offense is subject to a five-year minimum prison term in addition to "any other term of imprisonment. . ." 18 U.S.C. § 924(c)(1)(A)(i); 18 U.C.S. § 924(c)(1)(D)(ii). The "except clause" is found in 18 U.S.C. § 924(c)(1)(A) and it instructs the sentencing court to impose a consecutive, minimum prison term of five years, "except to the extent that a greater minimum sentence is otherwise provided . . ." The Supreme Court held that "a defendant is subject to the mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different court of conviction." *Abbott*, 131 S.Ct. at 23.

The *Abbott* decision, therefore, confirms that Petitioner was sentenced correctly. Petitioner

4

received two concurrent 90 months sentences for his drug crimes, which were the predicate to his conviction under § 924(c), and he received a consecutive five-year sentence for his § 924(c) conviction. Petitioner was sentence in accordance with Supreme Court precedent and his motion is, therefore, meritless.

The court also notes that Petitioner requests a writ of audita querela in his motion. "A writ of *Audita Querela* is a 'common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.'" *Frost v. Snyder*, 13 Fed. Appx. 243, 246 n. 1 (6th Cir. 2001) (quoting Black's Law Dictionary 131 (6th ed.1990)). Petitioner is not entitled to a writ of audita querela because, as discussed above, there has been no legal development that would create a legal objection to his conviction or sentence. *See e.g.*, *U.S. v. LaPlante*, 57 F.3d 252, 253 (2d Cir.1995).

## III. Conclusion

For the reasons discussed above, the court recommends that Petitioner's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: February 9, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Vincent Scott, #31919039, FCI - Milan, PO Box 1000, Milan, MI 48160 via the Court's ECF System and/or U. S. Mail on February 9, 2011.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan